FILED

Fee Paid

2008 MAY 1 P 2:11

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JULIE VILLORENTE GRESHAM
6

ADR

E-FILING

7

8

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

10

11  JULIE VILLORENTE GRESHAM,

12                                    Plaintiff,

13  v.

14  PENTAGROUP FINANCIAL, LLC, a Texas
    limited liability company,

15                                    Defendant.

16

C 08  02271 PVT

Case No. _____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

17            Plaintiff, JULIE VILLORENTE GRESHAM (hereinafter "Plaintiff"), based on

18  information and belief and investigation of counsel, except for those allegations which pertain to the

19  named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the

20  following allegations:

21                              **I. INTRODUCTION**

22            1.      This is an action for statutory damages, attorney fees and costs brought by an

23  individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

24  § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

25  California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

26  engaging in abusive, deceptive and unfair practices.

27                              **II. JURISDICTION**

28            2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

1  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3         3.     This action arises out of Defendant's violations of the Fair Debt Collection

4  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

5  **III.  VENUE**

6         4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

7  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

8  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that

9  Defendant transacts business in this judicial district and the violations of the FDCPA complained

10  of occurred in this judicial district.

11  **IV.  INTRADISTRICT ASSIGNMENT**

12         5.     This lawsuit should be assigned to the San Jose Division of this Court because

13  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

14  County.

15  **V.  PARTIES**

16         6.     Plaintiff, JULIE VILLORENTE GRESHAM (hereinafter "Plaintiff"), is a

17  natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the

18  meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h)

19  and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

20         7.     Defendant,    PENTAGROUP    FINANCIAL,    LLC,    (hereinafter

21  "PENTAGROUP"), is a Texas limited liability company engaged in the business of collecting debts

22  in this state with its principal place of business located at:  5959 Corporate Drive, Suite 1400,

23  Houston, Texas 77036-2311.  PENTAGROUP may be served as follows:  Pentagroup Financial,

24  LLC, c/o Ransom Lummis, Agent for Service of Process, 5959 Corporate Drive, Suite 1400,

25  Houston, Texas 77036-2311. The principal purpose of PENTAGROUP is the collection of debts

26  using the mails and telephone, and PENTAGROUP regularly attempts to collect debts alleged to be

27  due another. PENTAGROUP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and

28  Cal. Civil Code § 1788.2(c).

## VI.  FACTUAL ALLEGATIONS

8.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely a consumer credit account issued by GE Money Bank, and bearing the account number XXXX-XXXX-XXXX-6353 (hereinafter "the alleged debt").  The financial obligation alleged to be owed to GE Money Bank by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.    Thereafter Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.    The collection letter (Exhibit "1") is dated May 1, 2007.

12.    A true and accurate copy of the May 1, 2007 collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13.    On or about May 7, 2007, Plaintiff mailed a letter to Defendant which stated: "please be advised that I dispute this debt and refuse to pay."

14.    A true and accurate copy of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

15.    Defendant received Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") on or about May 9, 2007.

16.    A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendant's receipt of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

17.    After receiving Plaintiff's letter disputing the alleged debt (Exhibit "2"), Defendant continued its collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

1    18. After receiving Plaintiff's letter notifying Defendant of her refusal to pay the

2 alleged debt (Exhibit "2"), Defendant continued to communicate with Plaintiff in an attempt to

3 collect the alleged debt.

4    19. Defendant knew or should have known that its conduct was directed towards

5 a senior citizen.

6    20. On or about May 15, 2007, an employee of Defendant recorded the following

7 message on Plaintiff's answering machine:

8   This confidential and important message is made exclusively for Julie Gresham. If
you are not Julie Gresham please hang up. Julie, this is Mr. Thompson. I need you
9   to return the call, ma'am, as soon as you retrieve this message on today. My number
is 1-866-479-1465. I need to discuss with you a very important business matter at
10   this point so therefore once again my number is 866-479-1465.

11    21. Defendant's answering machine message was a "communication" in an

12 attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13    22. Defendant failed to disclose Defendant's identity and the nature of

14 Defendant's business in the answering machine message, in violation of 15 U.S.C. § 1692d(6) and

15 Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104,

16 1112, 1118 (C.D. Cal. 2005).

17    23. Defendant failed to disclose that the answering machine message was a

18 communication from a debt collector, in violation of 15 U.S.C. § 1692e(11).  See *Hosseinzadeh v.*

19 *M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. CA 2005);  *Foti v. NCO Financial*

20 *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

21    24. As a senior citizen subjected to Defendant's abusive, deceptive and unfair

22 collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

23           **VII.  CLAIMS**

24      **FAIR DEBT COLLECTION PRACTICES ACT**

25    25. Plaintiff brings the first claim for relief against Defendant under the Federal

26 Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27    26. Plaintiff repeats, realleges, and incorporates by reference all preceding

28 paragraphs as though fully set forth herein.

27.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

28.   Defendant, PENTAGROUP, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29.   The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

30.   Defendant's answering machine message described above violates the FDCPA. The violations include, but are not limited to, the following:

    a.   Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

    b.   Defendant failed to disclose that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

31.   Defendant has further violated the FDCPA in the following respects:

    a.   Defendant continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b); and

    b.   Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt, after receiving written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c).

32.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

///

1

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

2      34.    Plaintiff brings the second claim for relief against Defendant under the

3   Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

4      35.    Plaintiff repeats, realleges, and incorporates by reference all preceding

5   paragraphs as though fully set forth herein.

6      36.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

7   § 1788.2(h).

8      37.    Defendant, PENTAGROUP, is a "debt collector" as that term is defined by

9   the RFDCPA, Cal. Civil Code § 1788.2(c).

10      38.    The financial obligation allegedly owed by Plaintiff is a "consumer debt" as

11   that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

12      39.    Defendant's answering machine message described above violates the

13   RFDCPA.  The violations include, but are not limited to, the following:

14          a.    Defendant failed to disclose Defendant's identity and the nature of

15               Defendant's business, in violation of 15 U.S.C. § 1692d(6), as

16               incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §

17               1788.11(b); and

18          b.    Defendant failed to disclose that the communication was from a debt

19               collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by

20               Cal. Civil Code § 1788.17.

21      40.    Defendant has further violated the RFDCPA in the following respects:

22          a.    Defendant continued its collection efforts against Plaintiff after

23               receiving a written notification within the thirty-day validation period

24               from Plaintiff disputing the debt being collected in its entirety

25               without first obtaining a verification of the debt and mailing a copy

26               of such verification to the Plaintiff, in violation of 15 U.S.C. §

27               1692g(b), as incorporated by Cal. Civil Code § 1788.17; and

28          b.    Defendant continued to communicate with Plaintiff in an attempt to

collect the alleged debt, after receiving written notification that
Plaintiff refused to pay the debt being collected, in violation of 15
U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17.

41.    Defendant's acts as described above were done willfully and knowingly with
the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §
1788.30(b).

42.    As a result of Defendant's willful and knowing violations of the RFDCPA,
Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars
($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

43.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to
an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil
Code § 1788.17.

44.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to
an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and
15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

45.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the
RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies
that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§
1692c(c), 1692d(6), 1692e(11) and 1692g(b);

c.    Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act,
Cal. Civil Code §§ 1788.11(b) and 1788.17;

d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to
15 U.S.C. § 1692k(a)(2)(A);

e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

-7-
COMPLAINT

1         $1,000 pursuant to Cal. Civil Code § 1788.30(b);

2    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

3         15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

4    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

5         U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

6    h.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

7    i.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
      Fred W. Schwinn, Esq.
      Attorney for Plaintiff
      JULIE VILLORENTE GRESHAM

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JULIE VILLORENTE GRESHAM, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# ❤entagroup Financial, LLC
5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 997-5339
Houston Local: (832) 615-2281

May 01st. 2007

28351345/14035226070106353/1568    (#202)  05231

JULIE GRESHAM
12 S 1ST ST STE 416
SAN JOSE, CA  95113-2404

RE:  **Current Creditor:**        CACH, LLC.
     **Original Creditor:**       GE MONEY BANK
     **Current Balance Due:**     $1,422.89
     **Current Account No.:**     14035226070106353
     **Original Account No.:**    6008896353368126



**EXHIBIT
1**

Dear JULIE GRESHAM:

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact you regarding the above referenced debt. Please be advised that the Current Creditor listed above has purchased the above referenced debt from the Original Creditor listed above. As of the date of this letter the Current Creditor's records indicate that the Balance Due remains unpaid.

If payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter will be appreciated.

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

indis- ca2
CA

5959 Corporate Drive, Suite 1400
Houston, Texas 77036

ADDRESS SERVICE REQUESTED

28351345/14035226070110635571568    (#202)  05231
JULIE GRESHAM
12 S 1ST ST STE 416
SAN JOSE, CA 95113-2404

PRESORTED
FIRST CLASS





202

# REFUSE TO PAY LETTER

May 7, 2007

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7005-3110-0000-4788-4275**

Pentagroup Financial, LLC
5959 Corporate Drive, Suite 1400
Houston, TX 77036

Re:     Creditor:      GE Money Bank
         Account No.:   6008-8963-5336-8126

Dear Sir or Madam:

I have enclosed a copy of the last collection letter that you sent to me.

In this regard, please be advised that I dispute this debt and refuse to pay.

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

Julie Villorente Gresham
275 Burnett Avenue, #102
Morgan Hill, CA  95037-2633



**EXHIBIT
2**

# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 997-5339
Houston Local: (832) 615-2281

May 01st, 2007

28351345/14035226070106353/1568    (#202)  05231

JULIE GRESHAM
12 S 1ST ST STE 416
SAN JOSE, CA  95113-2404



| **RE:** | **Current Creditor:** | CACH, LLC. |
|---|---|---|
| | **Original Creditor:** | GE MONEY BANK |
| | **Current Balance Due:** | $1,422.89 |
| | **Current Account No.:** | 14035226070106353 |
| | **Original Account No.:** | 6008896353368126 |

Dear JULIE GRESHAM:

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact you regarding the above referenced debt. Please be advised that the Current Creditor listed above has purchased the above referenced debt from the Original Creditor listed above. As of the date of this letter the Current Creditor's records indicate that the Balance Due remains unpaid.

If payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter will be appreciated.

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

indis- ca2
CA

 **UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7005 3110 0000 4788 4275
Detailed Results:

- Delivered, May 09, 2007, 11:17 am, HOUSTON, TX 77036
- Arrival at Unit, May 09, 2007, 8:08 am, HOUSTON, TX 77074
- Acceptance, May 07, 2007, 3:19 pm, SAN JOSE, CA 95113

( < Back )    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

---

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Sheree Harris_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Paulsongroup Financial LLC<br>5959 Corporate Drive<br>Suite 1400<br>Houston, TX 77036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7005 3110 0000 4788 4275 |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540


EXHIBIT 3

JS 44 (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JULIE VILLORENTE GRESHAM | PENTAGROUP FINANCIAL, LLC |

| (b) County of Residence of First Listed Plaintiff _ADR_ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
|---|---|

(c) Attorney's (Firm Name, Address, and Telephone Number)

Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA 95113-2418
(408) 294-6100

E-FILING

Attorneys (If Known)

**C08   02271 PVT**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury— Med. Malpractice <br> ☐ 365 Personal Injury — Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus – Alien Detainee <br> ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, et seq. (Fair Debt Collection Practices Act)
Brief description of cause:
Unlawful debt collection practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE 5-1-08                   SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.