STEPHEN H. TURNER, SB# 89627
  E-Mail: turner@lbbslaw.com
BRIAN SLOME, SB# 238134
  E-Mail: bslome@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for DEFENDANT PENTAGROUP FINANCIAL LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JULIE VILLORENTE GRESHEM,<br><br>Plaintiff,<br><br>v.<br><br>PENTAGROUP FINANCIAL, LLC., a Texas limited liability company,<br><br>Defendant. | CASE NO. C08-02271PVT<br><br>ACTION FILED:    05/01/2008<br><br>**DEFENDANT PENTAGROUP LLC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant THE PENTAGROUP FINANCIAL, LLC ("Defendant"), for itself and for no other Defendant, answers Plaintiff's Complaint as follows:

1. Answering paragraph 1 of Plaintiff's Complaint, Defendant submits that the statute speaks for itself. Defendant denies that it violated the provisions of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collections Practices Act ("RFDCPA") or the terms of any other statute. Defendant further denies that plaintiff has suffered or is entitled to any damages in any amount.

2. Answering paragraph 2 of Plaintiff's Complaint, Defendant lacks sufficient information upon which to admit or deny the allegation contained therein and denies the allegations on that basis.

///

3. Answering paragraph 3 of Plaintiff's Complaint, Defendant denies the allegations therein, and specifically that it violated the provisions of the FDCPA.

4. Answering paragraph 4 of Plaintiff's Complaint, Defendant lacks sufficient information upon which to admit or deny the allegation contained therein and denies the allegations on that basis. Further answering paragraph 4 of Plaintiff's Complaint, Defendant responds by denying that it violated the terms of the FDCPA.

5. Answering paragraph 5 of Plaintiff's Complaint, Defendant lacks sufficient information upon which to admit or deny the allegation contained therein and denies the allegations on that basis

6. Answering paragraph 6 of Plaintiff's Complaint, Defendant lacks sufficient information and knowledge as to plaintiff's residence. Defendant also lacks sufficient knowledge as to whether Plaintiff is a consumer as per the definition provided by the FDCPA and/or a debtor as per the terms of the RFDCPA. Defendant also doesn't have information related to whether Plaintiff is a senior citizen as per the terms of Cal. Civil Code 1761(f).

7. Answering paragraph 7 of Plaintiff's Complaint, Defendant states that the definition of "debt collector" requires the Defendant to assert a legal conclusion. Defendant admits the allegations related to its principal place of business. Defendant can be served for purposes of this lawsuit through counsel at Lewis Brisbois Bisgaard & Smith LLP.

8. Answering paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient information upon which to admit or deny the allegation contained therein and denies the allegations on that basis.

9. Answering paragraph 9 of Plaintiff's Complaint, Defendant admits the allegations therein. Defendant does not admit the legal effect of the terminology used such as, "consigned" "placed" or "transferred".

///
///

10. Answering paragraph 10 of Plaintiff's Complaint, Defendant admits that it sent Plaintiff a letter. Defendant denies the remainder of the paragraph 10.

11. Answering paragraph 11 of Plaintiff's Complaint, Defendant states that the Exhibit speaks for itself.

12. Answering paragraph 12 of Plaintiff's Complaint, Defendant admits that Plaintiff attaches a copy of a letter from Defendant to Plaintiff's Complaint.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant states that it lacks sufficient information upon which to admit or deny the allegation contained therein and denies the allegations on that basis.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant admits that a letter is attached as Exhibit 2 to Plaintiff's Complaint.

15. Answering paragraph 15 of Plaintiff's Complaint, Defendant states that on May 9, 2009, an individual signed for the letter addressed to Pentagroup.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendant states that it lacks sufficient information to admit that the document attached as Exhibit 3 is a true and correct copy.

17. Answering paragraph 17 of Plaintiff's Complaint, defendant denies the allegations therein. Defendant further submits that the allegation contains a legal conclusion.

18. Answering paragraph 18 of Plaintiff's Complaint, Defendant denies the allegations therein.

19. Answering paragraph 19 of Plaintiff's Complaint, Defendant denies the allegations therein.

20. Answering paragraph 20 of Plaintiff's Complaint, Defendant states that it currently lacks sufficient information to admit or deny the allegations therein.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendant states that it lacks sufficient information to admit or deny the allegations therein.

///

22. Answering paragraph 22 of Plaintiff's Complaint, Defendant states that it lacks sufficient information to admit or deny the allegations therein.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations therein.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendant states that it lacks sufficient information to admit or deny the allegations therein.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendant admits that Plaintiff' is alleging a cause of action based upon an alleged violation of the FDCPA.

26. Answering paragraph 27 of Plaintiff's Complaint, Defendant states that it lacks sufficient information to admit or deny the allegations therein and denies the allegations on that ground.

27. Answering paragraph 28 of Plaintiff's Complaint, Defendant states that the statute speaks for itself.

28. Answering paragraph 29 of Plaintiff's Complaint, Defendant states that the statute speaks for itself.

29. Answering paragraph 30 of Plaintiff's Complaint, Defendant denies all allegations therein.

30. Answering paragraph 31 of Plaintiff's Complaint, Defendant denies all allegations therein.

31. Answering paragraph 32 of Plaintiff's Complaint, Defendant denies all allegations therein.

32. Answering paragraph 33 of Plaintiff's Complaint, Defendant denies all allegations therein.

33. Answering paragraph 34 of Plaintiff's Complaint, Defendant admits that Plaintiff is alleging a cause of action based upon the terms of the RFDCPA.

34. Answering paragraph 36 of Plaintiff's Complaint, Defendant states that it lacks sufficient information to admit or deny the allegations therein and denies the allegations on that ground

35.  Answering paragraph 38 of Plaintiff's Complaint, Defendant states that the statute speaks for itself.

36.  Answering paragraph 39 of Plaintiff's Complaint, Defendant denies all allegations therein.

37.  Answering paragraph 40 of Plaintiff's Complaint, Defendant denies all allegations therein.

38.  Answering paragraph 41 of Plaintiff's Complaint, Defendant denies all allegations therein.

39.  Answering paragraph 42 of Plaintiff's Complaint, Defendant denies all allegations therein.

40.  Answering paragraph 43 of Plaintiff's Complaint, Defendant denies all allegations therein.

41.  Answering paragraph 44 of Plaintiff's Complaint, Defendant denies all allegations therein.

42.  Answering paragraph 45 of Plaintiff's Complaint, Defendant denies all allegations therein.

## FIRST AFFIRMATIVE DEFENSE

1.  As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

2.  As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C § 1692 et. seq.

## THIRD AFFIRMATIVE DEFENSE

3.  As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a

legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to these answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant allege that Defendant's conduct, communications and actions, if any, were privileged.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against this answering Defendant by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendants allege that its conduct, communications and actions, if any, were privileged pursuant to Civil Code §1785.32.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant allege that they, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

///

**TENTH AFFIRMATIVE DEFENSE**

10. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendants deny, then Plaintiff's damages are limited by 15 U.S.C. §1692(k)(a)(1), §1692(k)(a)(2)(A), §1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As a separate, affirmative defense, Defendant alleges that its conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. §1692(k)(c).

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of Cal. Civ. Code § 1788, et seq.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a separate, affirmative defense, Defendant alleges that its actions were privileged pursuant to Federal and State Common Law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendants deny, Defendant's alleged acts or omissions were not a proximate cause of said damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a separate, affirmative defense, Defendant alleges that Plaintiff lacks standing.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate, affirmative defense, Defendant alleges that Plaintiff's entire action, or the individual causes of action in Plaintiff's complaint are barred by the doctrine of preemption.

WHEREFORE, Defendant prays:

1. For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

2. That Defendant be awarded costs of suit herein and such other further relief as the Court deems just.

DATED: May 29, 2008

STEPHEN H. TURNER
BRIAN SLOME
LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Stephen H. Turner
Brian Slome
Attorneys for DEFENDANT PENTAGROUP FINANCIAL LLC.

## CERTIFICATE OF MAILING

I certify that on the 29th day of May 2008, I electronically transmitted **DEFEENDANT PENTAGROUP LLC's ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Fred W. Schwimn
Consumer Law Center, Inc.
12 South First Street, Ste. 416
San Jose, California 95113-2404

By: /s/ Brian Slome

4846-7420-7490.1